```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

PNC BANK, N.A., etc.,          )
                               )
          Plaintiff,           )
                               )
     v.                        )     No.  10 C 6406
                               )
NORTH STAR TRUST COMPANY, etc., )
et al.,                        )
                               )
          Defendants.          )
```

## MEMORANDUM OPINION AND ORDER

PNC Bank ("PNC") has just filed this mortgage foreclosure action, coupled with a suit against the guarantors of the mortgage note, seeking to invoke federal subject matter jurisdiction on diversity of citizenship grounds.  Because that effort is impermissibly flawed, with PNC having failed to carry its burden of establishing subject matter jurisdiction here, this sua sponte opinion dismisses the Complaint and this action on jurisdictional grounds--but with the understanding that if the present flaws can be cured promptly, the action may then be reinstated.

Complaint ¶¶4 through 7 refer to groups of individuals whose citizenship is relevant for diversity purposes, but it speaks of them only as "Illinois residents."[1]  On that score Simon v. Allstate Employee Group Med. Plan, 263 F.3d 656, 658 (7th Cir.

---

[1]  That obvious glitch is difficult to understand, because Complaint ¶¶8 and 9 properly identify two individual defendants in terms of their states of citizenship.

2001) teaches that "an allegation of residency, however, is insufficient to establish diversity jurisdiction." And <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004)(brackets in original omitted, quoting <u>Guar. Nat'l Title Co. v. J.E.G. Assocs.</u>, 101 F.3d 57, 59 (7th Cir. 1996), has again repeated the command that "[w]hen the parties allege residence but not citizenship, the district court must dismiss the suit."

This Court of course complies with our Court of Appeals' command, Draconian though it may seem. But because it seems likely (though it is not certain) that the defect can be cured, this Court is also contemporaneously issuing its customary initial scheduling order (including the setting of an initial status hearing date).

Fed. R. Civ. P. ("Rule") 59(e) now gives PNC's counsel a 28-day period to cure the defects identified here and reinstate this action. To that end PNC's counsel should provide the identity and the state of citizenship of each of the individuals who are now referred to collectively in Complaint ¶¶5 through 7. In addition:

1. PNC's counsel (and not the client) are ordered to pay to the Clerk of Court the sum of $350 as a fine (the amount that would have had to be paid if a new lawsuit were filed to implement the cure) and

2. PNC's counsel are not to charge their client for

the preparation and filing of the necessary amendment to the Complaint, and they are to advise PNC accordingly (with a copy of the letter to PNC being delivered to this Court's chambers, solely for informational purposes and not for filing).[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: October 7, 2010

---

[2] Counsel are not required, of course, to file a self-contained Amended Complaint, particularly given the bulky nature of the original Complaint and its exhibits.